IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALTERRA AMERICA INS. CO.,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 15-3665 |
| | : | |
| **DAILY EXPRESS, INC., et al.,** | : | |
| Defendants | : | |

# O R D E R

**AND NOW**, this 5th day of September, 2017, IT IS HEREBY ORDERED as follows:

1. Upon consideration of the plaintiff Alterra America Insurance Company's motion for leave to file a reply brief in support of its motion for summary judgment (Document #54), and the defendant Daily Express, Inc.'s response in opposition (Document #55), the plaintiff's motion is **GRANTED**. In evaluating the plaintiff's motion for partial summary judgment, I considered the plaintiff's reply brief, which was attached to its motion as Exhibit 1.

2. Upon consideration of the plaintiff's motion for partial summary judgment (Document #43), the defendant's responses in opposition (Documents #48 and 49), and the plaintiff's reply (Document #54-1), and for the reasons set forth in the accompanying memorandum, the plaintiff's motion for partial summary judgment is **GRANTED**.

3. Upon consideration of the defendant's renewed motion for summary judgment (Documents #51 and 53) and the plaintiff's response in opposition (Document #57), and

for the reasons set forth in the accompanying memorandum, the defendant's motion for summary judgment is **DENIED**.

  4. The plaintiff's motion for leave to exceed the page limit in its brief in opposition to the defendant's motion for summary judgment (Document #56) is **DENIED** as moot.

  5. Upon consideration of the defendant's motion to strike the plaintiff's motion for partial summary judgment (Document #45) and its motion to strike the plaintiff's response in opposition to the defendant's motion for summary judgment (Document #59), and the plaintiff's responses in opposition to these motions to strike (Documents #50 and 60), the defendant's motions to strike are both **DENIED**.[1]

---

[1] In its motions to strike, the defendant sets forth the following arguments: that the plaintiff did not file a separate motion for summary judgment, but only a brief in support of its motion; that the plaintiff did not include a written statement describing the date and manner of service; that the plaintiff's brief and exhibits together exceed the twenty-five page limit set forth in my policies and procedures; that the plaintiff's numbering of its exhibits is confusing; that its statement of undisputed material fact is "impermissibly argumentative;" and that the plaintiff attached inadmissible evidence as an exhibit.

  These arguments are largely unfounded. The plaintiff's statement of undisputed facts and brief in support of its motion for summary judgment were adequate to constitute a motion under Rule 56 of the Federal Rules of Civil Procedure; my twenty-five page limit does not apply to exhibits; the defendant could (and did) respond to the plaintiff's statement of material facts articulating its dispute with any statements; and the evidence plaintiff attached as an exhibit is admissible (see footnote 6 of the accompanying memorandum).

  Although the plaintiff's numbering of its exhibits in its motion for partial summary judgment was confusing, the defendant apparently did not work with opposing counsel to remedy any confusion or prejudice that resulted from the misnumbering before filing its motions with this court. (Moreover, the plaintiff's numbering of its exhibits in its subsequent Brief in Opposition to Defendant's Motion for Summary Judgment was clear—a fact that did not stop the defendant from raising the same argument in its next motion to strike).

  Lastly, the defendant is correct that the plaintiff is required to file a Certificate of Service "stating that the document has been filed electronically and is available for viewing and downloading from the ECF system," even though the parties are automatically served when a party electronically files a document using the ECF system. See E.D. Pa. Local R. Civ. P. 5.1.2

IT IS FURTHER ORDERED that:

1. All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as follows:

    (a)    Plaintiffs - on or before **Monday, December 18, 2017**.

    (b)    Defendants - on or before **Friday, December 22, 2017**.

2. One copy of the pretrial memoranda shall be filed with the Clerk of Court and two copies shall be sent to the court. In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include the following in, or attached to, their pretrial memoranda:

    (a)    a listing of the identity of each expert witness to be called at trial by the party;

    (b)    a curriculum vitae for each expert witness listed;

    (c)    a listing of each fact witness to be called at trial with a brief statement of the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

---

("Electronic Case Filing ('ECF') Procedures") § 8(b). However, I will not strike the plaintiff's filings because of this procedural error.

    More troubling than any of the plaintiff's procedural missteps is the defendant's approach to this litigation. The defendant describes no prejudice resulting from the supposed errors it decries, nor does it show that it made any efforts to remedy the errors with opposing counsel before filing its motions. As the Supreme Court has emphasized, the rules of procedure are not intended to expand opportunities for argument, but rather to aid in reaching the case's merits. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988) ("[T]he requirements of the rules of procedure should be liberally construed and . . . 'mere technicalities' should not stand in the way of consideration of a case on its merits."); Foman v. Davis, 371 U.S. 178, 181–82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.") (citation and internal quotations omitted).

        (d)      an itemized statement of claimant's damages or other relief sought;

        (e)      a statement of any anticipated important legal issues on which the court will be required to rule, together with counsel's single best authority on each such issue.

      3. All motions *in limine* shall be filed on or before **Monday, December 11, 2017**. Responses thereto are due on or before **Monday, December 18, 2017**.

      4. The parties shall file in writing with the Clerk of Court one copy of joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury. The parties shall also file one copy of proposed jury instructions, verdict forms, or special interrogatories on those issues not agreed upon by the parties in their joint submission. These filings shall be made on or before **Monday, January 8, 2018**. Each proposed instruction should be printed on a separate sheet of paper, double spaced, and should <u>include citation to specific authority</u>. Counsel shall submit a copy of the proposed jury instructions to chambers on an IBM-compatible disk in Word 2010 format. In the alternative, the copy may be sent to chambers *via* electronic mail to Timothy_Sheehan@paed.uscourts.gov. Proposed Jury instructions need only be submitted with respect to substantive issues in the case.

      5. No later than three days before the date trial is scheduled to commence, the parties shall file a complete and comprehensive stipulation of uncontested facts pursuant to paragraph (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; the original shall be filed with the Clerk of Court, and two copies shall be submitted to the court.

6. At the commencement of trial, the parties shall provide the court with three copies of a schedule of exhibits which shall briefly describe each exhibit. At the trial, the parties shall provide the court with two copies of each exhibit at the time of its first use at trial.

7. Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), the court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the court, prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a court ruling is necessary.

8. A Final Pretrial Telephone Conference shall be held on **Monday, January 8, 2018 at 10:00 a.m.** Counsel for the plaintiff shall initiate the call and include chambers on 267-299-7760.

9. Jury Selection shall begin on **Tuesday, January 16, 2018 at 9:30 a.m.,** in the United States Courthouse in Philadelphia, Courtroom 14B. Should time allow, opening statements shall immediately follow the seating of the jury. Counsel should consider themselves attached as of this date. This Scheduling Order shall be the only written notice counsel receive of the date this case will be tried.

The Clerk of Court is directed to remove this case from suspense and return it to the active docket.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, C. J.
